UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                                              :        Chapter 7

DONNA M. BAER                                          :

        Debtor                                          :        Bankruptcy No. 06-14514bif

................................................

MEMORANDUM

................................................

Before me is the objection of the chapter 7 trustee to one of the amended exemption claims made by the chapter 7 debtor. The debtor, Ms. Donna M. Baer, has sought to exempt a "claim against her husband for equitable distribution" pursuant to 11 U.S.C. § 522(b)(3)(B). The trustee, Christine C. Shubert, Esquire, challenges the debtor's categorization that this asset is entireties property. The trustee also notes that the debtor valued her exemption as $0.00.

An evidentiary hearing was held on this objection in accordance with Fed. R. Bankr. P. 4003, and the following few facts were proven (or judicial notice of their existence may be taken).

I.

The debtor filed for divorce on September 27, 2001 in the Lancaster County Court of Common Pleas (Donna M. Baer v. David R. Baer, C-1-01-09541). On October 3, 2006, with the divorce and equitable distribution issues still outstanding, the debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code.

On Schedule B, the debtor's disclosure of personal property, she listed as an asset a "claim against husband for equitable distribution, sole marital asset being husband's 401(k)." Ex. T-1. The debtor placed a value upon this asset as $0.00. Id. On Schedule C, the debtor elected the federal bankruptcy exemptions pursuant to 11 U.S.C. § 522(b)(2), (d). Among her exemptions was this asset, described above, valued again as $0.00, with the exemption based upon "42 U.S.C.A. § 407." Ex. T-2.

After conducting (but not concluding) a meeting of creditors, the chapter 7 trustee filed an objection to this exemption claim on November 14, 2006. In her objection, the trustee challenged the applicability of section 42 U.S.C. § 407 to the equitable distribution claim, contending that the debtor did not own this retirement account, her non-debtor spouse did; the trustee also maintained that the debtor was failing to distinguish between her state law cause of action for equitable distribution, which was property of the bankruptcy estate, and her husband's retirement account, which was not.

On December 18, 2006, the debtor filed amended bankruptcy schedules. On her amended Schedule B she shortened her description of the aforementioned asset to a "claim against husband for equitable distribution," and continued to claim its value as $0.00. Ex. T-3. The debtor also amended her Schedule C to elect the non-bankruptcy exemptions pursuant to 11 U.S.C. § 522(b)(3).[1] Ex. T-4. She declared the equitable

---

[1] By virtue of section 522(b)(1), individual debtors can elect between the federal bankruptcy exemptions found in section 522(d), incorporated by section 522(b)(2), and non-bankruptcy law exemptions incorporated by section 522(b)(3), unless state law precludes an election of the former. Pennsylvania has not opted out of the bankruptcy exemptions. See Kaplan v. First Options of Chicago, Inc., 189 B.R. 882, 888 n.6 (E.D. Pa. 1995). Accordingly, debtors in this district may choose between federal bankruptcy exemptions and non-bankruptcy exemptions.

(continued...)

2

distribution claim, again valued at $0.00, as exempt pursuant to 11 U.S.C. § 522(b)(3)(B). Id.  Section 522(b)(3)(B) renders exempt:

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law[.]

In response to this amended exemption, the trustee filed a "supplemental objection."  This amended objection asserted that the debtor's equitable distribution claim was not entireties property.

Although this amended exemption objection is the sole issue in this contested matter, the testimony at the hearing held on the trustee's challenge revealed that, at bottom, the debtor and the trustee actually disagree about the power of the trustee to assume control of the pending state court equitable distribution litigation and settle it.

The testimony also shed a little light upon the debtor's equitable distribution claim.

The debtor and her husband, David Baer, were married in 1987 and have three children together.  The debtor testified that all three children have some type of disability: autism; difficulty with speech; schizophrenia.  Mr. and Mrs. Baer have been separated for a number of years and the debtor receives biweekly child support from her husband.

---

[1](...continued)
Originally, the debtor chose the federal bankruptcy exemptions, although she misconstrued them by believing that section 522(b)(2) included all federal law exemptions and not simply those found in section 522(d).  The debtor's amended exemption schedule, Ex. T-4, then switched to the non-bankruptcy law exemptions, permitted by section 522(b)(3).  The trustee does not challenge the debtor's ability to switch from the § 522(b)(2) to the § 522(b)(3) exemption scheme.

Mr. Baer was formerly an engineer in the Air Force, and presently is employed by NASA. During his employment at these positions, he earned military and government pensions. Exhibit T-5 reflects that in April 2001, Mr. Baer appeared to own three pensions with a combined value of about $195,000, of which roughly $150,000 was considered marital property.[2] All of the pensions are titled in the name of the husband only. As mentioned earlier, the debtor is awaiting a decision from the divorce master on alimony and equitable distribution. Presumably this state court litigation was stayed by the bankruptcy filing. See In re Becker, 136 B.R. 113, 115 (Bankr. D.N.J. 1992). No party in interest has sought relief from the automatic stay to proceed in state court.

Despite the zero valuation placed by the debtor, the trustee believes that this equitable distribution claim is the most valuable asset of the bankruptcy estate. She has been negotiating with the debtor's husband to settle the equitable distribution litigation. The debtor opposes the trustee's settlement efforts and considers her equitable distribution rights as necessary for the support of her children.

II.

As I noted earlier, the only issue properly before me is the trustee's objection to the debtor's exemption claim involving her equitable distribution rights.

Section 522(b)(1) provides that "an individual debtor may exempt from property of the estate," assets permitted to be exempted either by federal bankruptcy law

---

[2]It is unclear who prepared Exhibit T-5. Nor can I opine about the validity of certain assumptions contained therein.

or non-bankruptcy law (e.g., state law). Thus, "[n]o property can be exempted . . . unless it first falls within the bankruptcy estate." Owen v. Owen, 500 U.S. 305, 308 (1991) (emphasis in original).

Section 541(a) defines "property of the estate" as "all legal or equitable interests of the debtor in property as of the commencement of the case." The property rights of the debtor are determined by relevant non-bankruptcy law, typically state law, as of the date of the debtor's bankruptcy filing. See In re Nejberger, 934 F.2d 1300, 1302 (3d Cir. 1991) (citing Butner v. United States, 440 U.S. 48 (1979)); Counties Contracting & Construction Co. v. Constitution Life Ins. Co., 855 F.2d 1054 (3d Cir. 1988). In other words, while federal bankruptcy law determines what types of property are included in the bankruptcy estate, usually state law determines what interest, if any, a debtor has in property. See In re O'Dowd, 233 F.3d 197, 202 (3d Cir. 2000).

Property owned by a non-debtor—be the non-debtor an individual, a corporation or a partnership—is not property of the bankruptcy estate under section 541(a). See, e.g., Fowler v. Shadel, 400 F.3d 1016, 1019 (7th Cir. 2005) (corporate assets are not part of controlling shareholder's bankruptcy estate); In re Sorrow, 279 B.R. 363 (Bankr. M.D. Ga. 2000) (personal injury claim belonged to the debtor's daughter and so was not property of the estate). As a result, a chapter 7 debtor cannot claim as exempt property owned by a non-debtor. See, e.g., In re Fowler, 400 F.3d at 1019; In re Woodin, 294 B.R. 436, 439 (Bankr. D. Conn. 2003); In re Monsivais, 274 B.R. 263, 265 (Bankr. W.D. Tex. 2002); In re Burnett, 241 B.R. 438, 440 (Bankr. E.D. Ark. 1999); see also In re Sorrow, 279 B.R. at 365.

5

"When property in Pennsylvania is owned by husband and wife, title is held as tenants by entireties." Stop 35, Inc. v. Haines, 374 Pa. Super. 604, 610 (1988). Property that is owned by the entireties is not owned by either spouse; rather, it is owned by the marital unit. See, e.g., Lindenfelser v. Lindenfelser, 396 Pa. 530, 534 (1959); In re Estate of Bullotta, 798 A.2d 771, 774 (Pa. Super. 2002). Thus, in Pennsylvania, a creditor of only one spouse cannot execute on property owned as tenants by the entireties, because the marital unit itself is not the obligor. See, e.g., Napotnik v. Equibank and Parkvale Sav. Ass'n, 679 F.2d 316, 319 (3d Cir. 1982); Klebach v. Mellon Bank, N.A., 388 Pa. Super. 203 (1989); Reliance Ins. Co. v. Schoolfield Constr. Co., 14 Pa. D. & C.4th 490, 494 (Pa. Com. Pl. 1992).

The entireties form of ownership has been explained in the following manner:

> When property is held by parties in the entireties, the tenancy by the entireties can be severed by joint conveyance, express or implied agreement, or divorce. Clingerman v. Sadowski, 513 Pa. 179, 183-84 . . . (1986) (citations omitted). Historically, a tenancy by the entireties "is a form of co-ownership in real and personal property held by a husband and wife with right of survivorship." In re Gallagher's Estate, 352 Pa. 476, 478 . . . (1945). Moreover, "[i]ts essential characteristic is that each spouse is seized per tout et non per my, i.e., of the whole or the entirety and not of a share, moiety, or divisible part." Id. (citations omitted). Neither spouse may unilaterally sever an estate held in the entireties. Id. Further, when one spouse dies, the surviving spouse does not take a new estate; "the only change is in the properties of the legal entity holding the estate." Fazekas v. Fazekas, 737 A.2d 1262, 1264 (Pa. Super. 1999) (citation omitted). During the duration of the entireties estate, either spouse may act for both spouses as long as both spouses share in the proceeds, and neither spouse may appropriate property for the spouse's own use to the exclusion of the other spouse without first obtaining the consent of the other spouse. Id. (citations omitted).

6

In re Estate of Bullotta, 798 A.2d at 774 (parallel citations omitted).

Property titled in the name of both spouses is presumed under state law to be entireties property. See In re Holmes' Estate, 414 Pa. 403, 406 (1964). Here, however, the debtor concedes that the pensions are titled in the name of Mr. Baer only. Debtor's Post-Hearing Memorandum, at 3 (unpaginated). Indeed, Exhibit T-5 implies that at least one of the pension plans commenced prior to the Baer's marriage.

By virtue of 11 U.S.C. § 522(l) and Fed. R. Bankr. P. 4003(c), the trustee, as the party objecting to the debtor's exemption claim has the burden of persuasion. The evidentiary burden of production, however, can shift to the debtor. As explained by the Ninth Circuit Court of Appeals:

> A claimed exemption is "presumptively valid." . . . . Carter claimed $39,000 as an exemption under C.C.P. § 704.070, and this claim is presumptively valid. Once an exemption has been claimed, it is the objecting party's burden (the trustee in this case) to prove that the exemption is not properly claimed. . . . . Initially, this means that the objecting party has the burden of production and the burden of persuasion. The objecting party must produce evidence to rebut the presumptively valid exemption. . . . . If the objecting party can produce evidence to rebut the exemption, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper. . . . The burden of persuasion, however, always remains with the objecting party

In re Carter, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999) (citations omitted); accord In re Reschick, 343 B.R. 151, 156 (Bankr. W.D. Pa. 2006).

To the extent the trustee had the burden to demonstrate that the husband's pension plans were not entireties property, evidence that title is in his name alone, and that at least one plan pre-dated the marriage, met that evidentiary burden. As the debtor offered no evidence to the contrary, I conclude that the husband's pensions are not

entireties property.  See In re Gregorchik, 311 B.R. 52, 56  (Bankr. W.D. Pa.  2004) ("[ 23 Pa. C.S.A.] § 3501(b) provides only that all property acquired during the marriage, whether it is held individually or as tenants by the entirety, is presumed to be marital property. It does not provide, as it would have to if debtor were to prevail here, that property acquired during marriage is presumed to be entireties property.") (emphasis in original).

The concept of marital property is distinct under Pennsylvania law from entireties property.  See Gilliland v. Gilliland, 751 A.2d 1169 (Pa. Super. 2000). Here, the non-debtor's husband's pensions, as suggested by Exhibit T-5, may well be marital property under state law.  See, e.g., Elhajj v. Elhajj, 413 Pa. Super. 578 (1992).

State law, 23 Pa. C.S.A. § 3501(a), defines marital property, with certain exceptions, as "all property acquired by either party during the marriage and the increase in value of any nonmarital property" [during the marriage].  See generally Drake v. Drake, 555 Pa. 481, 491-92 (1999).  Furthermore, "[u]pon the request of either party in an action for divorce or annulment, the court shall equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such percentages and in such manner as the court deems just after considering all relevant factors." 23 Pa. C.S.A. § 3502(a).[3]

---

[3]The statute identifies factors relevant in determining the equitable division of marital property as including:

    (1) The length of the marriage.

    (2) Any prior marriage of either party.

    (3) The age, health, station, amount and sources of income,

(continued...)

A husband's pension plan can fall within this definition of marital property and thus be subject to equitable division when a divorce action is commenced.  See, e.g., Titler v. State Employees' Retirement Bd., 768 A.2d 899, 901 (Pa. Cmwlth. 2001); Elhajj v. Elhajj.  Moreover, in Pennsylvania

---

[3](...continued)
vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training or increased earning power of the other party.

(5) The opportunity of each party for future acquisitions of capital assets and income.

(6) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective.

(10.1) The Federal, State and local tax ramifications associated with each asset to be divided, distributed or assigned, which ramifications need not be immediate and certain.

(10.2) The expense of sale, transfer or liquidation associated with a particular asset, which expense need not be immediate and certain.

(11) Whether the party will be serving as the custodian of any dependent minor children.

9

> there are two basic approaches to the equitable division and distribution of pension benefits. . . : the immediate offset method, and the deferred distribution method. Under the immediate offset method, the pensions are valued and distributed immediately along with the rest of the marital estate. Under the deferred distribution method, each party receives his or her share of the pension as it is paid upon retirement.

Elhajj v. Elhajj at 580-81; see Lowry v. Lowry, 375 Pa. Super. 382 (1988). To the extent a pension plan is covered by ERISA, a Qualified Domestic Relations Order (QDRO) "is necessary to create a property interest. . . . " In re Lowenschuss, 170 F.3d 923, 928 n.4 (9th Cir. 1999); Titler v. State Employees' Retirement Bd., 768 A.2d at 901 ("In order for a spouse to acquire an interest in a member's retirement account, a Board approved DRO must be issued through the divorce proceedings and the specific requirements that must be contained in a DRO are generally not resolved until the property settlement has been finalized through entry of a divorce decree.").[4]

If I accept that Mr. Baer's pension plans are marital property, there was no QDRO order or determination as to the appropriate equitable division of this assets. Accordingly, the debtor held no property interest in those pension plans and could not claim such an interest as exempt. The debtor may not be arguing to the contrary. See Debtor's Memorandum at 5: ("Debtor's interest in her Husband's federal pension only exists in the event of a divorce in the future. The pension at issue is not Debtor's.") (emphasis in original).

---

[4]A QDRO "is a domestic relations order which creates or recognizes the rights of an alternate payee to receive all or a portion of the benefits payable to a participant under the plan. To be 'qualified,' the order must contain certain required information and may not alter the amount or form of plan benefits." Berrington v. Berrington, 534 Pa. 393, 398 n.3 (1993).

Nonetheless, as the Supreme Court observed about property of the bankruptcy estate, as defined by 11 U.S.C. § 541: "The scope of this paragraph [§ 541(a)(1)] is broad.  It includes all kinds of property, including tangible or intangible property, causes of action (see Bankruptcy Act § 70a(6)), and all other forms of property currently specified in section 70a of the Bankruptcy Act." United States v. Whiting Pools, Inc., 462 U.S. 198, 205 n.9 (1983) (quoting H.R. Rep. No. 95-595, p. 367 (1977); S. Rep. No. 95-989, p. 82 (19780).  In general, inchoate claims or interests will fall within this broad definition.  See, e.g., In re Rudicil, 343 B.R. 181, 184 (Bankr. S.D. Ohio 2006) ("It is undisputed that a debtor's inchoate dower interest as determined under Ohio law becomes property of the bankruptcy estate."); In re Lary, 338 B.R. 141, 146 (Bankr. M.D. Ga.  2006) ("Defendant's inchoate title to the residence was property of her bankruptcy estate.").

Courts within Pennsylvania have held that a claim for equitable distribution of marital property, pending in a prepetition divorce action, is an inchoate property right. In re Brugger, 254 B.R. 321, 324 (Bankr. M.D. Pa. 2000) ("Upon filing for divorce, the parties 'hold[ ] a vested, inchoate right to the equitable distribution of marital property,' and a debt or claim might not arise until the property is distributed to the respective spouses.") (quoting In re Scholl, 234 B.R. 636, 637 (Bankr. E.D. Pa. 1999)); see also In re Ingebrethsen, 1998 WL 351730, at *4 (E.D. Pa. 1998); In re Roberge, 188 B.R. 366, 369 (E.D. Va. 1995):

> While vested property rights can be subject to divestment, the mere filing of a bankruptcy petition does not divest otherwise vested equitable distribution rights.  Once the right to equitable distribution vests, the parties to the divorce obtain inchoate equitable interests in the marital estate equivalent to the shares to which they are entitled under equitable

11

distribution. The Bankruptcy Code provides that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate . . . only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d). Thus, in a bankruptcy proceeding which is commenced after the vesting of equitable distribution rights, only the debtor's inchoate equitable interest in the marital estate becomes part of the bankruptcy estate. The interest is then made choate by the equitable distribution proceeding. To hold otherwise would make the Bankruptcy Code a draconian tool in divorce litigation, because one could then avoid an anticipated unfavorable equitable distribution award by filing bankruptcy.

Presumably, the equitable distribution claim is inchoate because it has not been fixed in either amount or in particular property. However, courts in other jurisdictions have referred to the equitable distribution claim as a "contingent" property interest. See, e.g., In re Greer, 242 B.R. 389, 398-97 (Bankr. N.D. Ohio 1999); In re Perry, 131 B.R. 763 (Bankr. D. Mass. 1991).[5] In either event, the property right would be part of the debtor's chapter 7 bankruptcy estate.

Of course, if Mrs. Baer's pre-bankruptcy state court equitable distribution claim were not a property right, it could not be claimed as exempt. To the extent it is an asset that is part of her bankruptcy estate, an unresolved equitable distribution claim theoretically can be claimed as exempt by a debtor, depending upon its value and the exemption statute elected, but clearly not as entireties property. One spouse's equitable distribution claim to divide marital property cannot be considered to be owned by both

---

[5]In Bethea v. Pennsylvania Financial Responsibility Assigned Claims Plan, 407 Pa. Super. 57, 60, 64 (1991), the Pennsylvania Superior Court described a spouse's interest in marital property prior to the commencement of any divorce proceedings as "contingent."

12

husband and wife. Each spouse would have his or her own separate equitable distribution claims.

The debtor's citation in her post-hearing memorandum to the recent decision In re Davis, 2006 WL 3422149 (Bankr. W.D. Pa. 2006), does not support her ability to assert her equitable distribution claim as entireties property. Rather, Davis concerned real property that was titled in the name of both husband and wife at the time that the husband filed his chapter 7 bankruptcy petition. As such, it was entireties property under Pennsylvania law. The Davis court held that the pendency of a pre-bankruptcy divorce action does not preclude the debtor from asserting an exemption in favor or pre-bankruptcy entireties property where there has been no entry of a divorce decree,[6] even if the legal effect of a future divorce decree would create in the debtor a fee simple ownership interest in the realty. But see In re Cordova, 73 F.3d 38, 41 (4th Cir. 1996).

In this contested matter, as the pension plans were never held by the entireties, and as equitable distribution claims can never be held by the entireties, the Davis decision is inapposite.

Accordingly, since the only issue before me in this contested matter is whether the chapter 7 debtor can properly assert as exempt under section 522(b)(3)(B) her

---

[6]In Pennsylvania, the entry of a divorce decree would end any tenancy by the entireties.

claim for equitable distribution of marital property, and as that asset is not entireties property, the trustee's objection will be sustained. An appropriate order shall be entered.[7]

---

[7] Given this conclusion, I need not decide the effect of the debtor's valuation of this exempt claim as $0.00. Courts differ on the interpretation of valuing an asset or exemption at zero or "unknown." As explained in In re Smith, 2204 WL 4101 (Bankr. W.D. Mo. Jan. 6, 2004), some have limited the debtor's exemption to the exact amount claimed on the debtor's schedules. Id., at *2. See, e.g. In re Clark, 274 B.R. 127, 136 (Bankr. W.D. Pa. 2002) (debtors limited to $7,500 exemption claimed in personal injury cause of action, and would not be allowed to amend); In re Forti, 224 B.R. 323, 327 (Bankr. D. Md. 1998) (debtor limited to zero value claimed on exemptions schedule). Others look to the intent of the debtor, or limit the exemption to the maximum allowable where the exemption is capped. Id.; see, e.g. In re Herald, 294 B.R. 440, 445, 446 (Bankr. W.D.N.Y. 2003) (debtor's zero valuation of workers' compensation claim reflected that at time petition filed the amount of any recovery was speculative; debtor allowed exemption in entire amount of claim settlement where trustee failed to timely object). The Smith court recommended that a debtor not knowing the value of a contingent, unliquidated debt list the value as "unknown" and exempt "100%." Id., at 3.

Furthermore, I do not now address whether the trustee has the power to settle the debtor's equitable distribution claim. If the trustee seeks to do so, she must file a motion under Fed. R. Bankr. P. 9019(a) and any objections thereto would be considered at that time. See generally Coffin v. Malvern Federal Sav. Bank, 90 F.3d 851 (3d Cir. 1996) (bankruptcy courts cannot render advisory opinions). And, were the trustee to reach some settlement, it may rest with the state court to determine the effect, if any, of such a settlement upon the pending divorce litigation.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                                            :         Chapter 7

DONNA M. BAER                                       :

       Debtor                                    :         Bankruptcy No. 06-14514bif

................................................

ORDER

................................................

AND NOW, this 5th day of February 2007, for the reasons stated in the accompanying memorandum, it is hereby ordered that the trustee's objection to the debtor's amended exemption under 11 U.S.C. § 522(b)(3)(B), concerning the asset described as a "claim against husband for equitable distribution," is sustained.

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Mrs. Donna M. Baer
1037 Tom Paine Drive
Lancaster, PA 17603

Alaine V. Grbach, Esq.
Alaine V. Grbach, Esquire
1480 Old Harrisburg Pike
Lancaster, PA 17601

Robert W. Seitzer, Esq.
Maschmeyer Karalis P.C.
1900 Spruce Street
Philadelphia, PA 19103

Christine C. Shubert, Esq.
10 Teaberry Drive
Medford, NJ 08055